UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA A. COHEN,              )
                               )
        Plaintiff              )
                               )
v.                             )   Civil Action No. 00 - 30035-KPN
                               )
UNUM LIFE INSURANCE COMPANY    )
OF AMERICA,                    )
                               )
        Defendant              )

## NOTICE OF REMOVAL

To: The Judges of the United States District Court for the District of Massachusetts

UNUM Life Insurance Company of America ("UNUM"), a corporation organized and existing under the laws of the State of Maine, by counsel, pursuant to 28 U.S.C. §§ 1441, et seq., requests removal of a civil action commenced in the Superior Court of Massachusetts, Hampden County, styled Barbara A. Cohen v. UNUM Life Insurance Company of America, Docket No. CV 99-1394. In support of removal, UNUM respectfully states:

1.  Plaintiff commenced this action by serving on Defendant a Complaint (the "Complaint") to be returned to the Superior Court of Massachusetts, Hampden County. Plaintiff alleges claims for failure to pay benefits pursuant to a UNUM group insurance policy. Copies of all process, pleadings, and other orders served upon UNUM are attached hereto as Exhibit A.

2.  UNUM received the Complaint no sooner than February 22, 2000.

3.  This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1332(a) and 29 U.S.C. § 1132(e), and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4.  As the following facts demonstrate, this is a civil action arising between citizens of different states in which the matter in controversy as against the Defendant exceeds the sum of $75,000, exclusive of interest and costs.

   (a)  When this action was commenced and on the date hereof, Plaintiff was and is a citizen of the Commonwealth of Massachusetts.

   (b)  When this action was commenced and on the date hereof the Defendant is a Maine corporation with a principal place of business in the State of Maine.

   (c)  Therefore, this action involves a controversy wholly between citizens of different states. There is a complete diversity of citizenship.

   (d)  If Plaintiff were to recover the amounts to which he claims entitlement, Plaintiff's recovery against the Defendant could exceed $75,000. Thus, the amount in controversy as between Plaintiff and the Defendant exceeds $75,000, exclusive of interest and costs.

5.  The policy provided by UNUM pursuant to which Plaintiff claims benefits is a group disability insurance policy established by Plaintiff's employer for the benefit of its employees. As such, it is an "employee welfare benefit plan" for purposes of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. ERISA preempts all state laws relating to the plan. 29 U.S.C. § 1144. A proper action to recover

benefits due under the plan can be brought only pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff acknowledges this. Complaint ¶4.

6. Defendant desires to remove this action to this Court.

7. Pursuant to 28 U.S.C. § 1446(b), removal is timely filed within thirty days after the receipt by the Defendant, through service or otherwise, of the initial pleading setting forth the claims for relief.

8. Pursuant to 28 U.S.C. § 1446(d), the Defendant this day is filing a copy of the Notice of Removal with the Massachusetts Superior Court, Hampden County, and sending copies of the Notice to Plaintiff's counsel.

9. Pursuant to the United States District Court for the District of Massachusetts Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court.

WHEREFORE, Defendant respectfully requests that the above-captioned action be removed from the Massachusetts Superior Court, Hampden County, to this Court.

Dated: March 3, 2000

John J. Aromando
Bar Reg. No. 545648

Pierce Atwood
One Monument Square
Portland, ME 04101
(207) 791-1100

Attorneys for Defendant
UNUM Life Insurance Company
of America

A

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS                          SUPERIOR COURT DEPARTMENT
                                     CIVIL ACTION NO.: 99-1354

BARBARA A. COHEN,            ]
                             ]
        Plaintiff,           ]
                             ]
vs.                          ]        PLAINTIFF'S COMPLAINT
                             ]
UNUM LIFE INSURANCE          ]
COMPANY OF AMERICA,          ]
                             ]
        Defendant.           ]

1. The Plaintiff Barbara A. Cohen is an individual who resides in the Town of Agawam, County of Hampden, Commonwealth of Massachusetts and is hereinafter referred to as the Plaintiff.

2. The Defendant is UNUM Life Insurance Company of America, a corporation duly organized which has a place of business at 2211 Congress Street in the City of Portland in the State of Maine. The Defendant UNUM Life Insurance Company of America is hereinafter referred to as the Defendant.

3. The Defendant was under a contractual obligation through the employer of the Plaintiff to provide disability benefits.

4. The contractual relationship by and between the Plaintiff and the Defendant is based upon the policy and contract of insurance purchased by the Plaintiff's employer for the benefit of the Plaintiff, and, said claim is further governed by federal statute, giving the Plaintiff the right to bring the within action as a plan beneficiary 29 U.S.C. 1132.

5. The Defendant has wrongfully failed to acknowledge that the Plaintiff is entitled to disability benefits.

6. That the Defendant has completed their final internal review.

7. That on or about December 4, 1998 the attached correspondence, Exhibit "A" indicates that the Defendant has "completed our review and have determined that the denial on your client's claim was appropriate" thereby satisfying the statutory requirement that a final internal determination be made prior to this suit being brought.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

1. That this Court make a finding that the Plaintiff was disabled.

2. That this Court make a finding that the Plaintiff was entitled to disability benefits pursuant to the policy of insurance by and between the Plaintiff's employer and the Defendant which was made for the benefit of the Plaintiff.

3. That the Plaintiff be awarded her reasonable attorneys fees and costs.

4. That the Plaintiff be awarded her reasonable damages.

                                            The Plaintiff,
                                            Barbara A. Cohen,
                                            By Her Attorney,

Dated:

                                            _____
                                            Steven R. Weiner, Esquire
                                            BBO#  520090
                                            Two Mattoon Street
                                            Springfield, MA  01105
                                            (413) 781-1154



UNUM Life Insurance Company of America
Quality Review
2211 Congress Street
Portland, ME 04122
1 800 413-7670
Fax 207 770-2354

December 4, 1998

STEVEN R. WEINER
959 MAIN STREET
SPRINGFIELD MA 01103

RE:   Barbara A Cohen   DOB: November 11, 1947
       Claim Number:    0098506817
       Policy Number:   00511561 - 0001
       Tax ID:          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

Dear Attorney Weiner:

We have completed our review and have determined that the denial on your client's claim was appropriate.

Ms. Cohen's claim was denied as the medical information in her file did not substantiate a condition severe enough to consider her disabled from her regular occupation.

The policy under which Ms. Cohen is covered states:

*You are disabled when UNUM determines that:*

*- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and*

*- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*

*You will continue to receive payments beyond 24 months if you are also:*

*- working in any occupation and continue to have a 20% or more loss in your indexed monthly earnings due to your sickness or injury; or*

*- not working and, due to the same sickness or injury, are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.*

Ms. Cohen has alleged that her disability commenced on 7/22/97 after a motor vehicle accident. After the accident, she received medical treatment in the emergency room, then from Dr. Abassy and Dr. Fields. At that time, she had spinal complaints and a post-traumatic headache. She was kept out of work during this time.

On 12/16/97, she again saw Dr. Abassy who noted she had been doing swim therapy which greatly helped her; he noted she was not having any significant arm pain, only occasional right arm pain. She still had some restricted range of motion in her cervical spine and he

Claimant Name:    Barbara A Cohen
Claim Number:     0098506817

Page: 2

recommended that she should remain out of work for the next four weeks and, at that time, check back with him and he would make further recommendations regarding when she could return to work, depending how she was doing. Despite Dr. Abassy's later note of 11/18/98 stating that he had advised her at this office visit to stay out of work until she was seen by Dr. Toner in April 1998, the office note associated with the visit makes no mention of Dr. Toner or of a visit being scheduled at that time. Regarding staying out of work, the office note is specific in that she was to stay out of work for four weeks and contact the doctor at that point for more specific recommendations.

The next day, 12/17/97, Ms. Cohen saw Dr. Field and he gave her specific restrictions and limitations that she could not lift over 5 pounds, should do no bending, stooping, or prolonged sitting or standing.

Ms. Cohen did not see a physician again until she saw Dr. Toner on 4/30/98. She has received medical treatment from various physicians since that date. However, there is no medical treatment between the 12/17/97 visit with Dr. Field and the 4/30/98 visit with Dr. Toner, making it difficult to document Ms. Cohen's medical condition at that time. In order to receive benefits under the policy, Ms. Cohen would have to remain continuously disabled and it is difficult to determine whether she was disabled from 12/17/97 to 4/30/98 when she did not see any medical providers.

In an effort to determine what her likely condition was and what reasonable restrictions and limitations might be for the period 12/17/97 to 4/30/98, the file was reviewed by a physician in our medical department. By utilizing the medical records available before 12/17/97 and those available after 4/30/98 and considering Ms. Cohen's medical condition as documented in those records, our physician was essentially in agreement with the restrictions and limitations given by Dr. Field on 12/17/97, except that he thought she would have been capable of lifting a little more. Our physician states that reasonable restrictions and limitations for Ms. Cohen after 12/17/97 would have been no lifting over 10 pounds, avoid bending and stooping, and no overhead use of her arms. Since Dr. Field had already given her restrictions and limitations, and Dr. Abassy had advised her in December to contact him in four weeks for specific recommendations regarding return to work, the above restrictions and limitations are considered reasonable, considering that we have no actual medical records for the period to utilize.

I then had Ms. Cohen's occupation reviewed by a vocational consultant to determine whether her occupation could be performed by a person who could only lift under 10 pounds and should avoid bending and stooping. The vocational specialist determined that her occupation was sedentary to light in nature. Lifting could vary and bending and stooping could be occasional. Because the physical activity required by the occupation could vary, I decided to have a labor market survey conducted in Ms. Cohen's community to determine what the likely physical requirements were for her occupation in her specific labor market. Eight employers (banks) within a 30 mile radius of Agawam were asked specifically the physical requirements of the Customer Service Representative position at their bank and specifically were asked about the lifting, bending and stooping requirements. Six of the eight employers would not require any lifting over 10 pounds, bending or stooping. Two of the six indicated the possibility of lifting over 10 pounds and bending and stooping but these activities would only be required if the employee had to open a safe deposit box and bring it to a customer. Even with this possibility, these two employers indicated that they are willing to make reasonable accommodations, such as having others assist in lifting.

Claimant Name:     Barbara A Cohen
Claim Number:      0098506817

Page: 3

In summary, after review of the available medical records, taking into account a four month period when there is no medical documentation of a disability or the medical condition of Ms. Cohen, we have considered the restrictions and limitations given by Dr. Field in December 1997, Dr. Abassy's recommendations as stated in his 12/16/97 record of his office visit with Ms. Cohen, and a review by a physician in our medical department to make the best determination of Ms. Cohen's medical condition and restrictions and limitations during the period between 12/17/97 and 4/30/98. A review of her occupation and further determination of its physical requirements by contacting actual employers in her labor market has indicated that she would not have been precluded from performing the material and substantial duties of her regular occupation by January 1998. Therefore, we are upholding the decision to deny her claim.

We regret that we were not able to make a more favorable determination; however, we are limited by the provisions of the policy.

Sincerely,

*Karen Connolly*

Karen Connolly
Senior Benefit Analyst

KC / kc

cc:     Anne S Jew
        Barbara A Cohen
        Lou Ann White (Janine Daniels)

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS                             SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO.:

BARBARA A. COHEN,            ]
                             ]
     Plaintiff,              ]
                             ]
vs.                          ]          DEMAND FOR JURY TRIAL
                             ]
UNUM LIFE INSURANCE          ]
COMPANY OF AMERICA,          ]
                             ]
     Defendant.              ]

  The Plaintiff demands a trial by jury on all issues.

                             The Plaintiff,
                             Barbara A. Cohen,
                             By Her Attorney,


Dated:                       _____
                             Steven R. Weiner, Esquire
                             BBO# 520090
                             Two Mattoon Street
                             Springfield, MA  01105
                             (413) 781-1154

SEE INSTRUCTIONS ON BACK OF THIS FORM
PLEASE TYPE OR PRINT EXCEPT WHERE SIGNATURE IS REQUIRED

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT HAMPDEN ___ Division | DOCKET NUMBER |
|---|---|---|
| PLAINTIFF(S) Barbara A. Cohen | DEFENDANT(S) UNUM Life Insurance Company of America | |
| ATTORNEY(S) FIRM NAME, ADDRESS AND TEL.) Steven R. Weiner, Esquire 959 Main Street Springfield, MA 01103 Board of Bar Overseers # (Required) BBO# 520090 | ATTORNEY(S) (if known) | |

### ORIGIN CODE AND TRACK DESIGNATION

Place an [X] in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup. Ct. c 231, s. 104 (F)
[ ] 3. F03 Retransfer to Sup. Ct. c 231, s. 102C (X)

[ ] 4. F04 District Ct. Appeal c 231, s. 97 (X)
[ ] 5. F05 Reactivated after Rescript; Relief from judgment/order (Mass. R Civ. P. 60 (X)
[ ] 6. E10 Summary process appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Termination | (F) | [X] Yes  [ ] No |

1. PLEASE GIVE A CONCISE STATEMENT OF THE FACTS: (Required in ALL Types of Actions)

Plaintiff was an employee of BankBoston and a beneficiary of the Defendant's disability plan.

2. IN A CONTRACT ACTION (CODE A) OR A TORT ACTION (CODE B) STATE, WITH PARTICULARITY, MONEY DAMAGES WHICH WOULD WARRANT A REASONABLE LIKELIHOOD THAT RECOVERY WOULD EXCEED $25,000:

N/A.

3. PLEASE IDENTIFY, BY CASE NUMBER, NAME AND DIVISION, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

SIGNATURE OF ATTORNEY OF RECORD OR PLAINTIFF

DATE 3/20/99

**OFFICE USE ONLY - DO NOT WRITE BELOW THIS LINE**

DISPOSITION

A. Judgment Entered
[ ] 1. Before jury trial or non-jury hearing
[ ] 2. During jury trial or non-jury hearing

B. No Judgment Entered
[ ] 6. Transferred to District Court under G.L. c.231.

RECEIVED
BY:
DATE

TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
No. 99-1394

BARBARA A. COHEN _____, Plaintiff (s)

v.

SUMMONS

UNUM LIFE INSURANCE COMPANY _____, Defendant (s)
OF AMERICA,

To the above named Defendant:

You are hereby summoned and required to serve upon _Steven R. Weiner, Esquire_____, plaintiff's attorney, whose address is ___Two Mattoon Street, Springfield, MA_____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Robert A. Mulligan, Esq., at Springfield the ____fourteenth_____ day of _December_____ in the year of our Lord one thousand nine hundred and __ninety-nine__.

*[signature]*
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Form No. 1